The Chief Justice

delivered the Opinion of the Court.
William Norris executed to John Norris a mortgage on some slaves to secure fifteen hundred dollars, recited as having been loaned by the mortgagee to the mortgagor.
To an action of covenant brought on the undertaking to pay, supposed to have been implied by the recital of a loan, the representatives of William Norris, who were sued, pleaded — first, that there was no consideration for the covenant; and secondly, that the only consideration was a corrupt combination to defeat the creditors of the mortgagor, by a feigned lien on his slaves for a fictitious debt.
The Circuit Judge sustained a demurrer to the first plea, and overruled one to the second; and the plaintiff having failed to reply, judgment was rendered on the unanswered plea, in bar of the action.
That judgment, now sought to be reversed, should, in our opinion, be affirmed,
Though the defendants were estopped by the recital in the mortgage, to deny the truth thereof, by pleading that there was no consideration, and therefore the decision on the demurrer to the first plea was right: nevertheless, if the actual consideration was illegal, they might, upon *318 common law principles, aver that fact and deny the truth of the recited consideration.
When the parties to an illegal or fraudulent contract are in pari delicio, neither a court of equity, nor a court of law, will aid either of them in enforcing the execution of that which may be executory, or in revoking or rescinding that which may have been executed. In such a case, the law will not be the instrument of its own subversion, and to every invocation of its assistance, replies “in pari delido, portior est conditio defendentis.”
Our statute against frauds, which declares that all conveyances, bonds &c., made for the illegal purpose of defrauding bona fide creditors or purchasers, shall be void only as to any such creditor or purchaser, has never been construed as having been intended to change the conservative principle just defined. It leaves the parties still, as between themselves only, to stand on the ground of the common law.
And therefore, a party to an executory agreement made to defraud creditors or purchasers, has no more right to maintain a suit for coercing the execution of it, than a party to an executed contract for the same illegal end, would have to prosecute a suit for restitution or rescission.
Wherefore, without deciding whether there is, on the face of the mortgage, such an implied covenant as will authorize an action, we are of the opinion that the judgment is right, and therefore it is affirmed.